SCHALL, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Thomas G. Montalbano’s appeal from Montalbano v. Principi, 18 Vet.App. 551 (2004) for lack of jurisdiction. Montalbano has not responded.
Montalbano appealed to the United States Court of Appeals for Veterans Claims from a 2003 Board of Veterans’ Appeals (BVA) decision that found no clear and unmistakable error (CUE) in a 1987 BVA decision finding that entitlement to service connection for a psychiatric disability had not been established. The Court of Appeals for Veterans Claims concluded that the 2003 BVA decision was correct in finding that the statutory and regulatory provisions extant at the time of the June 1987 decision were correctly applied. The Court of Appeals for Veterans Claims affirmed the 2003 BVA decision, concluding that Montalbano failed to demonstrate that the 2003 BVA decision was arbitrary or *298 capricious in determining that there was no CUE in the 1987 BVA decision. Montalbano appealed.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Montalbano’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. In his informal brief, Montalbano asserts that the facts supported his claim for service connection, stating “I feel the diagnosis in 1973 within 3 [weeks] of discharge was a type of psycosis [sic] in [an] overall view,” and that “[i]f fairly diagnosed, my claim should have been taken care of in 1973.” Montalbano fails to assert any constitutional challenge concerning the decision on appeal, and he raises no issue concerning the validity or interpretation of a statute or regulation. The Veterans Court’s review of the factual determinations pertaining to the sufficiency of Montalbano’s CUE claim or application of the law of CUE to the facts are not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Montalbano’s appeal. See 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.